IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE EDWARD BECKER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-1288 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since December 19, 2008. (ECF No. 5-6, pp. 2, 6). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on February 6, 2013. (ECF No. 5-3, pp. 2-64). On March 4, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 15-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Opinion of Treating Physician and Consultative Examiners

Plaintiff begins by arguing that the ALJ erred in failing to discuss the opinions of Drs. John Moossy, M.D., Jennifer Zangardi, M.D., and Gail Sekas, M.D. (ECF No. 9, pp. 10-14). Specifically, with regard to Dr. Moossy, Plaintiff argues that the ALJ failed to discuss an assessment by Dr. Moossy that Plaintiff was disabled from September 28, 2009 through September 28, 2010. *Id.* at p. 10. With regard to consultative examiner, Dr. Zangardi, Plaintiff alleges that the ALJ failed to consider her opinions resulting from an examination on August 31, 2010. *Id.* at pp. 11-12. With regard to Dr. Sekas, Plaintiff submits the ALJ erred in failing to comment on her report of October 28, 2010. *Id.* at p. 13. As a result, Plaintiff is requesting a remand.

Plaintiff filed a previous application for which he was found to be not disabled on or before November 3, 2010. (ECF No. 5-2, p. 15). That decision is final and not open for reconsideration. 20 C.F.R. §§404.957(c); 416.1457(c). Then, in April 2011, Plaintiff filed the instant applications.

"The doctrine of *res judicata* applies…[to] a previous determination under this subpart

3

about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." *Id.* In his opinion, the ALJ specifically noted:

> The doctrine of administrative finality is applicable to current applications if a previous determination or decision of the Commissioner with respect to the rights of the same party, on the same facts, pertinent to the same issues, has become final by either administrative or judicial action. The claimant's current request for hearing involves the same person, the same pertinent facts, and the same issues that were decided in the determination of November 3, 2010. Accordingly, that determination is entitled to administrative finality as to the claimant's current applications (20 CFR 404.957(c)(1) and 416.1457(c)(1)).

(ECF No. 5-2, p. 15). I find that the opinions of Drs. Moossy, Zangardi, and Sekas as discussed by Plaintiff are a part of Plaintiff's prior claim. The current application under review by the ALJ was for a later time period that was separate and distinct from the prior application period. As a result, they are subject to *res judicata*.[1] 20 C.F.R. §§404.957(c); 416.1457(c). Therefore, I find the ALJ did not error in failing to discuss or weigh the same.

Plaintiff next argues that the ALJ erred in discounting the opinions of consultative examiners, Dr. Rosalinda Raymundo, M.D. and Dr. Julie Uran, Ph.D. (ECF No. 9, pp. 12-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

---

[1] Moreover, the opinion of Dr. Moossy is an opinion on the ultimate issue of disability. Such ultimate questions of disability are reserved solely for the ALJ. 20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ was not required to give such opinion any weight.

4

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. (ECF No. 5-2, pp. 15-29). As I stated previously, when there are conflicting medical opinions, the ALJ may choose whom to credit. *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505. After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be appropriate, sufficiently explained and supported by substantial evidence of record. (ECF No. 5-2, pp. 15-29); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C. Residual Functional Capacity ("RFC") [2]

Plaintiff also argues that the ALJ improperly determined his RFC. (ECF No. 9, pp. 14-17). In support thereof, Plaintiff first argues that there is substantial evidence to support that he is not able to physically or mentally do the work set forth in the ALJ's RFC finding.[3] *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's RFC determination. (ECF No. 5-2, pp. 15-29). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### D. Vocational Expert

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 9, pp. 17-18). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 5-2, pp. 15-29). Consequently, I find no error in this regard.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions: "lifting up to 20 pounds occasionally and lifting or carrying up to 10 pounds frequently. He can stand or walk for approximately six hours in an eight-hour workday. He can sit for approximately six hours in an eight-hour workday with breaks. His work would be limited to one or two step tasks and also limited to simple, routine and repetitive tasks involving only simple work-related decisions with few if any workplace changes. He could have no interaction with the public, only occasional interaction with coworkers, no tandem tasks and only occasional supervision." (ECF No. 5-2, p. 21).

### E. <u>Subjective Complaints of Pain</u>

Finally, Plaintiff argues that the ALJ erred in improperly evaluating Plaintiff's subjective complaints of pain and in discrediting Plaintiff's complaints of pain. (ECF No. 9, pp. 18-19). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff specifically asserts that the "ALJ did not show any rational basis for discounting Plaintiff's testimony." (ECF No. 9, p. 19). After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 5-2, pp. 21-29). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence to his complaints and found them to be contradictory. *Id*. The ALJ also discussed the fact that Plaintiff's complaints were contradicted by his daily activities. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p and, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 5-2, pp. 15-29). Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE EDWARD BECKER, JR., )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 14-1288
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                                  BY THE COURT:

                                  s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge